# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY B. O'SHEA,<br><br>               Plaintiff,<br><br>   v.<br><br>COUNTY OF SAN DIEGO, ERICA LEE, *et al.*,<br><br>               Defendants. | Case No. 19-cv-1243-BAS-BLM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 3]** |

Defendant County of San Diego ("the County") moves to dismiss Plaintiff Mary B. O'Shea's Complaint under Federal Rule of Civil Procedure 12(b)(6). Because the Court agrees that the causes of action are barred by the applicable statute of limitations, the Court **GRANTS** the Motion, but gives Plaintiff leave to amend.[1]

## I. ALLEGATIONS IN THE COMPLAINT

Plaintiff brings this Complaint under 42 U.S.C. § 1983 for a violation of the

---

[1] Plaintiff requested that the Court defer ruling on the Motion to Dismiss for thirty days while she considered the possibility of filing an amended complaint. The Court agreed to do so. (ECF No. 17.) The thirty days has expired without a new complaint. Therefore, the Court moves forward with the Motion to Dismiss, but gives Plaintiff the opportunity to amend.

– 1 –

Fourteenth Amendment, interference with familial association, and fabrication of evidence. She also alleges intentional and negligent infliction of emotional distress as well as a violation of state civil rights. ("Complaint," ECF No. 1-2.)

Plaintiff alleges Child Welfare Case worker Erica Lee made false statements about Plaintiff's parenting and threatened to force Plaintiff's minor daughter out of her home. Specifically, Plaintiff claims on October 8, 2014, Erica Lee lied on official documents. (*Id.* ¶ 9.) On October 26, 2014, Plaintiff wrote a letter to the County challenging Ms. Lee's false accusations. (*Id.* ¶ 12.) In response, on October 28, 2014, Ms. Lee threatened to have Plaintiff's minor daughter removed from the home. (*Id.* ¶ 13.) On October 30, 2014, Plaintiff confronted Ms. Lee regarding her lies and abuse of power. (*Id.* ¶ 14.) On November 18, 2014, in response to a request filed by Plaintiff, Plaintiff received a copy of her Child Welfare Services file and discovered many falsities and misstatements. (*Id.* ¶ 15.)

Plaintiff filed a Complaint against the County and Erica Lee on May 10, 2019. The County removed the case to federal court. At the time of removal, Plaintiff had not served the correct Erica Lee. (*See* ECF No. 14 (the Court granted the County's motion to quash service of process on the wrong Erica Lee). Plaintiff has since filed a certificate of service of process for another Erica Lee. The County moves to dismiss the Complaint against it. (ECF No. 3.)[2] Erica Lee is not part of the Motion.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court

---

[2] The County requests that this Court take judicial notice of an earlier lawsuit filed by Plaintiff. (ECF No. 3-2.) Because this earlier case does not factor into the Court's decision, and because the Court did not review the case in analyzing the County's Motion, the Court declines to take judicial notice of the document.

must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Courts may not usually consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statute on other grounds). Moreover, the court may consider the full text of those documents even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

### III. ANALYSIS

#### A. Statute of Limitations

The County moves to dismiss all of Plaintiff's claims on statute of limitations grounds. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 9976 (9th Cir. 2006)).

##### 1. First Cause of Action: 42 U.S.C. §1983

Plaintiff's first claim is brought under 42 U.S.C. §1983. Whether a claim under section 1983 is timely depends on a combination of state and federal law that

determines (1) the length of the applicable limitations period, (2) the accrual date of the claim, and (3) whether the limitations period was tolled. *See, e.g.*, *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007); *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 694 (9th Cir. 2003).

The first issue, the length of the statute of limitations, is determined by state law. *Wallace*, 549 U.S. at 387. "It is that which the State provides for personal injury torts." *Id.* (citing *Owens v Okure*, 488 U.S. 235, 249–50 (1989)). In California, the statute of limitations for personal injury actions is two years. Cal. Code Civ. Proc. § 335.1. Thus, the statute of limitations for a § 1983 claim arising in California is two years. *See Wallace*, 549 U.S. at 397.

The second issue, the accrual date, is generally not resolved by reference to state law. *Id.* at 399. Instead, the court applies "federal rules conforming in general to common-law tort principles." *Id.* "The general common law principle is that a cause of action accrues when 'the plaintiff knows or has reason to know of the injury.'" *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)). To this Court's knowledge, the Ninth Circuit has not addressed specifically when a *Monell* claim under 42 U.S.C. §1983 accrues. However, the Second Circuit has reasoned that because "an actionable claim under § 1983 against a county or municipality depends on a harm stemming from the municipality's 'policy or custom,' a cause of action against the municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a county 'policy or custom.'" *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995); *but see Lawson v. Rochester City Sch. Dist.*, 446 F. App'x. 327, 329 (2d Cir. 2011) (disagreeing with *Pinaud* in a summary disposition and noting "§ 1983 cause of action accrues when 'the plaintiff becomes aware that she is suffering from a wrong for which damages may be recovered in a civil action.'" (quoting *Eagleston v. Guido*, 41 F.3d 865, 872 (2d Cir. 1994)).

As discussed below, since Plaintiff fails to adequately allege a policy or practice that would state a *Monell* claim, it is impossible at this stage to determine when the claim under *Monell* accrued. Neither party addresses this issue, and both assume the statute of limitations has run, focusing instead on the third prong, that is, whether the limitations period has been tolled. The only allegation pertaining to a policy is Plaintiff's assertion that a Regional Manager at Child Welfare Services admitted on December 18, 2014 that "some policies were not followed." At the very latest, it appears that Plaintiff alleges she knew about a violation of policy in December 2014. Therefore, Plaintiff's Complaint filed in May of 2019 was far outside the two-year statute of limitations.

Plaintiff argues that the two-year statute of limitations has been equitably tolled, first because Defendant actively misled Plaintiff into filing a late Complaint and, second, because extraordinary reasons (she lists several) prevented her from asserting her rights sooner.[3]

"Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (citing *Hardin v. Straub*, 490 U.S. 536, 537–39 (1989)). The Ninth Circuit has drawn a distinction between "equitable tolling" and "equitable estoppel." *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). "'Equitable tolling' focuses on 'whether there was excusable delay by the plaintiff.'" *Id.* (quoting *Johnson v. Henderson*, 314 F.3d 409 (9th Cir. 2002)). "Equitable estoppel, on the other hand, focuses primarily on actions taken by the *defendant* to prevent the plaintiff from filing suit, sometimes referred to as

---

[3] Unfortunately, the two cases cited by Plaintiff in her Opposition arguing that the statute of limitations has been equitably tolled have both been recognized as abrogated in other cases—factors Plaintiff omits from her citations. Shepardizing might be a useful activity in the future. *See Oshiver v. Levin, Fishbein, Sedran and Berman*, 38 F.3d 1380 (3rd Cir. 1994), abrogated by *Rotkiske v. Klemm*, 890 F.3d 422, 428 (3rd Cir. 2018); and *In re Balko*, 382 B.R. 717 (W.D. Penn. 2008), abrogation recognized by *Lewis v. Ford Motor Co.*, 263 F.R.D. 252, 262 n. 14 (W.D. Pa. 2019).

'fraudulent concealment.'" *Id.*

"[A] litigant is entitled to equitable tolling of the statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Rodriguez v. Williams*, 447 F. App'x. 850, 851 (9th Cir. 2011) ("'Equitable tolling is unavailable in most cases and is appropriate only if *extraordinary* circumstances beyond [plaintiff's] control make it impossible to file a [complaint] on time.'" (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and cannot be used to avoid the consequences of plaintiff's own negligence. *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998).

To show equitable estoppel under California law, the plaintiff must establish: (1) that defendant knew the true facts; (2) that defendant intended that its misleading conduct be acted on and the misleading conduct must be to convince plaintiff to believe that she need not move forward timely; (3) plaintiff was ignorant of the true state of facts; and (4) plaintiff relied on defendant's misleading conduct to her detriment. *Lukovsky*, 535 F.3d at 1051–52 (citing *Honig v. San Francisco Planning Dept.*, 127 Cal. App. 4th 520, 529 (2005).)

As a preliminary matter, the Court is limited to facts pleaded in the Complaint. Plaintiff files a lengthy declaration detailing additional facts regarding various facts that prohibited her from filing this Complaint sooner. (ECF No. 10.) Since the declaration contains facts that remain disputed and are not appropriate for judicial notice, the Court declines to consider the declaration in considering this Motion to Dismiss, but will give Plaintiff leave to amend the Complaint if she wishes to include any of these facts in her Complaint.

Looking only at the allegations in the Complaint, Plaintiff clearly alleges that she discovered Ms. Lee's lies and abuse of power by the end of October 2014. (Complaint ¶¶ 9. 12. 13. 14.) By November 18, 2014, Plaintiff alleges she had received a copy of her Child Welfare Service file and discovered many falsities and misstatements. (*Id.* ¶ 15.) Yet she filed this Complaint in May 2019, almost five years after learning of the grounds for the causes of action.

In the Complaint, Plaintiff does allege that she was delayed because she was obtaining her telephone records needed to prove that Ms. Lee had lied. (*Id.* ¶¶ 9, 15.) However, these allegations fail to rise to the level of either equitable estoppel or equitable tolling. With respect to equitable tolling, even if Plaintiff was delayed in obtaining telephone records to prove her case, she fails to allege why this prevented her from filing a Complaint sooner. Nothing prevented her from filing a lawsuit and then obtaining discovery to prove her case.

With respect to equitable estoppel, Plaintiff fails to allege any misleading conduct on the part of Defendant. Even more importantly, she alleges that she knew the true state of facts. She knew Ms. Lee had allegedly lied and abused her power, so nothing Defendant did apparently misled her from filing a Complaint sooner. Because sufficient facts are stated on the face of the Complaint to lead the Court to conclude that the claims are barred by the statute of limitations and because Plaintiff fails to allege facts showing either equitable estoppel or equitable tolling, the Court **GRANTS** Defendant's Motion to Dismiss the first cause of action.

**2. Plaintiff's Remaining Causes of Action**

The County moves to dismiss Plaintiff's entire Complaint but fails to spend any time discussing Plaintiff's second, third, or fourth causes of action. The Court will analyze the claims here, but in the future will not do so without the County first putting in the work and providing the analysis.

The statute of limitations for Plaintiff's second and third causes of action (intentional and negligent infliction of emotional distress) is two years. *See* Cal. Civ.

Proc. Code § 335.1. The analysis above regarding accrual of the causes of action and tolling applies here. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** the second and third cause of action.

Plaintiff's fourth cause of action is titled "violation of state civil rights" and Plaintiff alleges Defendants' conduct violated "her rights under California Government Code Section 820.21 and California Civil Codes Sections 43, 49, 51, 52 (The Unruh Civil Rights Act) and 52.1." (Complaint ¶ 28.) Plaintiff fails to separate the code sections to allege a violation of each, and instead creates a vague violation of all together. The basis behind each claim is unclear. In any event, the claims similarly are barred by the statute of limitations.

As to the claims under the Unruh Act, courts are divided on the statute of limitations for such claims. Some hold California's two-year personal injury statute of limitations applies to Unruh claims, like it does to section 1983 claims. *See, e.g.*, *Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 760 (2002); *Hartline v. Nat'l Univ.*, No. 2:14-cv-0635 KJM AC, 2015 WL 4716491 (E.D. Cal. August 7, 2015). Others have applied a three-year statute of limitations to claims under the Unruh Act. *See, e.g.*, *Kramer v. Regents of Univ. of Cal.*, 81 F. Supp. 2d 972, 978 (N.D. Cal. 1999); *see also Olympic Club v. Those Interested Underwriters at Lloyd's London*, 991 F.2d 497, 501 n.11 (9th Cir.1993) (indicating in dicta that the three-year statute of limitations of California Code of Civil Procedure § 338(a) should apply to claims under the Unruh Act). Under either rule, Plaintiff's Unruh claims are barred.[4] The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's fourth cause of action.

---

[4] Similarly, as to Plaintiff's reference to Civil Code § 52.1, "the statute of limitations applicable to a claim under Section 52.1 is California's statute of limitations for personal injury actions, now a two-year statute of limitations." *Fenters v. Yosemite Chevron*, No. CV-F-05-1630 OWW/DLB, 2006 WL 2016536, at *16 (E.D. Cal. July 17, 2006). Therefore, this claim is also barred.

### B. *Monell* Claim

To the extent Plaintiff brings a section 1983 claim against the County, it must be brought under *Monell*. Plaintiff does not specifically reference *Monell*, but the County moves to dismiss any *Monell* claims. The County argues that even if the statute of limitations had not expired for Plaintiff's first cause of action, the claim still fails.

A municipality like the County can be sued under section 1983 where a municipal policy or custom has caused an alleged violation of constitutional rights. *Monell v. Dep't of Soc. Servs. Of City of New York,* 436 U.S. 658, 690–91 (1978). However, a municipality cannot be held liable under Section 1983 "solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under §1983 under a *respondeat superior* theory." *Id.* at 691; *see also Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of *respondeat superior*"). In a *Monell* claim there are three ways to show a municipal policy or custom: (1) by showing "a longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (2) "by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision"; or (3) "by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (quoting *Ulrich v. City & Cty. of San Francisco,* 308 F.3d 968, 984–85 (9th Cir. 2002)).

To withstand a motion to dismiss, a *Monell* claim must consist of more than mere "formulaic recitations of the existence of unlawful policies, conduct, or habits." *Valentine v. City of Concord*, No. 16-cv-00279-MEJ, 2016 WL 2851661, at *5 (N.D. Cal. May 16, 2016) (quoting *Bedford v. City of Hayward*, No. 3:12-cv-00294-JCS, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012)); *see also AE v. County of*

*Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (determining that *Iqbal's* pleading requirements apply to *Monell* claims). Accordingly, Plaintiff's "factual allegations 'must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" *Save CCSF Coal. v. Lim*, No. 14-cv-05286-SI, 2015 WL 3409260, at *12 (N.D. Cal. May 27, 2015) (quoting *AE*, 666 F.3d at 637).

Even if Plaintiff's claims against the County were not barred by the statute of limitations, she fails to sufficiently allege a *Monell* claim. Plaintiff makes only two substantive allegations against the County in her Complaint. First, she alleges that Valesha Bullock, a Regional Manager of San Diego Child Welfare Services, "admitted that 'some policies were not followed.'" But Plaintiff then alleges that Ms. Bullock "refused to specify which rules were violated." (Complaint ¶16.) Second, Plaintiff alleges that the County is vicariously responsible for the conduct of Child Welfare Services. (*Id.* ¶ 24.) These allegations are insufficient to show a longstanding practice or custom, any decision by an official who was the final policy-making authority leading to the complained-of behavior, or the delegation of this decision to a subordinate. The allegations that Ms. Lee was an employee of the County and that the County is vicariously liable for the actions of its Child Welfare Service workers is simply insufficient. Therefore, Defendant's Motion to Dismiss all *Monell* claims is also **GRANTED**.

C. <u>**Injunctive Relief**</u>

Finally, Defendant moves to dismiss the fifth cause of action for Injunctive Relief, correctly arguing that injunctive relief is not a cause of action. *See Rockridge Trust v. Wells Fargo, NA*, 985 F. Supp. 2d 1110, 1166 (N.D. Cal. 2013) ("'Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted.'" (quoting *McNeary-Calloway v. JP Morgan Chase Bank, NA*, 863 F. Supp. 2d 928, 964 (N.D. Cal. 2012)). According Defendant's Motion to Dismiss the Fifth Cause of Action for Injunctive Relief is

1 **GRANTED** with prejudice, although Plaintiff may amend the Complaint to seek injunctive relief as part of her other causes of action.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED.** The County of San Diego is dismissed as a Defendant. The first through fourth causes of action are dismissed against the County without prejudice. The fifth cause of action is dismissed with prejudice.

As noted above, Plaintiff has only recently filed a proof of service for Erica Lee. (*See* ECF No. 15.) Ms. Lee has not yet responded to the Complaint. For efficiency's sake, the Court also **DISMISSES** the Complaint against Ms. Lee, granting Plaintiff leave to amend so that she may file one operative complaint containing all of her allegations against both Defendants.

If Plaintiff chooses to file an amended Complaint against the County and/or Erica Lee, she must do so <u>on or before October 24, 2019</u>. *Failure to do so may result in her complaint being dismissed.*

**IT IS SO ORDERED.**

**DATED: September 24, 2019**

Hon. Cynthia Bashant
United States District Judge