# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY B. O'SHEA,<br><br>  Plaintiff,<br><br> v.<br><br>COUNTY OF SAN DIEGO, *et al.*,<br><br>  Defendants. | Case No. 19-cv-1243-BAS-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 28]** |

Plaintiff Mary B. O'Shea originally brought a Complaint under 42 U.S.C. § 1983 for a violation of the Fourteenth Amendment, interference with familial association, and fabrication of evidence. She also alleged negligent and intentional infliction of emotional distress, and a violation of state civil rights. ("Complaint," ECF No. 1-2.) The Court granted the County of San Diego's Motion to dismiss finding that the causes of action were barred by the applicable statutes of limitation. (ECF No. 18). The Court also found Plaintiff failed to sufficiently allege a *Monell* claim. (*Id.*) The Court gave Plaintiff leave to amend.

Plaintiff has now brought a First Amended and Supplemental Complaint for Damages ("FAC," ECF No. 19). Plaintiff restates claims under 42 U.S.C. § 1983

and for negligent infliction of emotional distress.[1]

The FAC adds six new causes of action for violations of the right of privacy (under both the California and the U.S. Constitution), violations of 42 U.S.C. § 1985, negligence, breach of a mandatory duty under California Government Code § 815.6, and fraud.  The County again moves to dismiss.  For the reasons stated below, the Court **GRANTS** the County's Motion to Dismiss.  Because the Court finds amendment would be futile, Court dismisses with prejudice all claims pertaining to actions of Erica Lee in the Child Welfare Service ("CWS") investigation.  However, the Court will give Plaintiff leave to amend the allegations pertaining to any claims of wiretapping or telephone record tampering.

## I. ALLEGATIONS IN THE COMPLAINT

Once again, Plaintiff alleges that Child Welfare Case worker Erica Lee made false accusations against her in a CWS report on August 23, 2014.  (FAC ¶ 3.)  In this report, CWS employees "failed to follow established procedures and rules set forth in the California Manual of Policies and Procedures," eventually leading to an "inconclusive" finding instead of an "unfounded" finding.  (*Id.* ¶ 14.)  The FAC omits the allegations from the original Complaint that on October 26, 2014, Plaintiff wrote a letter to the County challenging Ms. Lee's false accusations.  (*See* Complaint ¶ 12).  It also omits that, on October 30, 2014, Plaintiff confronted Ms. Lee regarding her lies.  (*See id.* ¶ 14.)  Plaintiff also does not reallege the claims from her original Complaint that, on November 18, 2014, in response to a request filed by Plaintiff, she received a copy of her CWS file and discovered many falsities and misstatements.  (*See id.* ¶ 15.)  Instead, she now claims that she obtained a copy of her CWS on August 9, 2019 "in preparation of a family court child support hearing."  (FAC ¶ 24).

---

[1] Plaintiff also restates a claim for injunctive relief, but in her Opposition, she recognizes that this cause of action is not appropriate and agrees that it should be dismissed.  ("Opp'n," ECF No. 29, at 2.)  Thus, the Court **DISMISSES** Count Two alleging Injunctive Relief.

– 2 –

But Plaintiff does not deny the original claims that she had the information regarding Ms. Lee's false accusations in 2014. Additionally, according to her new allegations, in January 2015, she contacted CWS for a grievance hearing on the issue of the "inconclusive" finding, but CWS would not allow her an opportunity to change the finding. (*Id.* ¶ 60.)

The FAC adds new claims. Plaintiff now claims that CWS conspired with AT&T to tamper with her telephone records to damage her credibility. (*Id.* ¶ 16 ("They obstructed justice by temporarily denying access and erasing Plaintiff's records.").) Plaintiff also alleges that CWS unlawfully wiretapped and eavesdropped on her telephone. (*Id.* ¶ 22.) Although Plaintiff claims this wiretapping was "revealed when Plaintiff finally received her telephone records on September 12, 2018," (*id.*), she also claims she filed a lawsuit against AT&T in May 2017 related to the "absence" of her telephone records. (*Id.* ¶ 63.)

Thus, Plaintiff's FAC brings claims for violations of 42 U.S.C. § 1983 (First Cause of Action), injunctive relief (Second), violation of California's right of privacy when CWS maintained a false database about her (Third), violation of U.S. Constitutional privacy rights when Defendants illegally accessed her private telephone records (Fourth), Conspiracy with AT&T to violate civil rights pursuant to 42 U.S.C. § 1983 (Fifth), negligence (Sixth), negligent infliction of emotional distress (Seventh), breach of California Government Code § 815.6 when CWS failed to discharge its duty of keeping accurate records (Eighth), and fraud (Ninth).

## II. ANALYSIS

### A. Statute of Limitations

"A claim may be dismissed under Rule 12(b)(6) on the grounds that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)).

1    As discussed in the Court's previous order dismissing the claim (ECF No. 18), the statute of limitations for § 1983 and § 1985 claims arising in California is two years. *Wallace v. Kato,* 549 U.S. 384, 387–88 (2007). Similarly, the statute of limitations for Plaintiff's causes of action for violation of privacy is also two years. 18 U.S.C. § 2520(e); *Cain v. State Farm Mut. Auto. Ins. Co.,* 62 Cal. App. 3d 310, 313 (1976). The statute of limitations for negligence and negligent infliction of emotional distress is two years. Cal. Code Civ. Proc. § 335.1. The statute of limitations for violation of Government Code § 815.6 is two years. Cal. Gov't. Code. § 945.6(a)(2). And, finally, the statute of limitations for Plaintiff's ninth cause of action for fraud is three years. Cal. Code Civ. Proc. § 338(d).

To determine when the statute of limitation begins to run, the court must apply "federal rules conforming in general to common-law tort principles." *Wallace*, 549 U.S. at 388. "The general common law principle is that a cause of action accrues when 'the plaintiff knows or has reason to know of the injury.'" *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

### 1. Allegations that CWS Worker Lee Falsified Records

With respect to the allegations that Erica Lee falsified CWS records, Plaintiff still alleges that she contacted CWS in January 2015 to complain about the lies perpetrated by Ms. Lee in the records. (FAC ¶ 60). Thus, at least as of January 2015, she knew or had reason to know of the injury. Yet, she did not file a Complaint until May 2019, well outside any statute of limitations applicable to this case. Therefore, to the extent Plaintiff alleges causes of action based on Ms. Lee's falsification of records in 2014, these claims are barred by the statute of limitations unless the limitations period was tolled.

In her Opposition, Plaintiff claims that any statute of limitations was equitably tolled. (Opp'n at 5–6.) As the Court outlined in the previous order dismissing this case, there is a distinction between "equitable tolling" which focuses on any

1 "excusable delay" by the plaintiff in filing and "equitable estoppel" which "focuses primary on actions taken by the defendant to prevent the plaintiff from filing suit." *Lukovsky v. City & Cty. Of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008).

"[A] litigant is entitled to equitable tolling of the statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2 that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wisc. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Rodriguez v. Williams*, 447 F. App'x 850, 851 (9th Cir. 2011) ("Equitable tolling is unavailable in most cases and is appropriate only if *extraordinary* circumstances beyond [plaintiff's] control make it impossible to file a [complaint] on time." (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). "Equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and cannot be used to avoid the consequences of plaintiff's own negligence." *Lehman v. United States,* 154 F.3d 1010, 1016 (9th Cir. 1998).

To show equitable estoppel under California law, the plaintiff must establish: (1) defendant knew the true facts and engaged in misleading conduct to hide those facts; (2) the misleading conduct was to convince plaintiff to believe that she need not move forward in a timely manner and defendant intended that its misleading conduct be acted on; (3) plaintiff was ignorant of the true state of facts; and (4) plaintiff relied on defendant's misleading conduct to her detriment. *Lukovsky*, 535 F.3d at 1051–52 (citing *Honig v. San Francisco Planning Dept.*, 127 Cal. App. 4th 520, 529 (2005).)

Although Plaintiff claims the statute of limitations was equitably tolled, her arguments are more akin to an equitable estoppel argument: "Plaintiff engaged in continuous dialogue with CWS employees throughout October 2016, and into 2017 to try to remedy the problem, and [] she was either ignored or misled thereby extending the equitable tolling of the statute." (Opp'n at 5.) Plaintiff further argues,

1  as she did previously, that she could not file suit until she had gathered the necessary
2  telephone records.  (Opp'n at 8.)[2]

3        As the Court previously ruled, "even if Plaintiff was delayed in obtaining
4  telephone records to prove her case, she fails to allege why this prevented her from
5  filing a Complaint sooner.  Nothing prevented her from filing a lawsuit and then
6  obtaining discovery to prove her case." (ECF No. 18 at 7).  Furthermore, "merely
7  engaging in informal negotiations" does not equitably toll the statute of limitations.
8  65 *Butterfield v. Chicago Title Ins. Co.*, 70 Cal. App. 4th 1047, 1063 (1999).

9        Once again, Plaintiff fails to allege facts showing either equitable tolling or
10 equitable estoppel.  Because any claims involving false statements by CWS worker
11 Lee in her 2014 report are barred by the statute of limitations, Defendants' Motion
12 to Dismiss these claims, notably the First, Third, Fifth, Seventh and Eighth Causes
13 of Action, is **GRANTED**.  Additionally, because Plaintiff has been given the
14 opportunity to amend these causes of action to add facts supporting her claim of
15 equitable estoppel or equitable tolling of the statute of limitations and she has failed
16 to do so, the causes of action are dismissed with prejudice.

### 2.   Privacy Causes of Action

18       It is difficult to ascertain from the FAC exactly what Plaintiff is alleging
19 Defendants did with respect to her telephone records.  As best as the Court can
20 ascertain, Plaintiff bases her new allegations on a "New York Times" article from
21 2013 in which the existence of "The Hemisphere Project," a service provided by
22 AT&T, was revealed.  (FAC ¶¶ 5, 51–55.)  This article claimed that the Hemisphere
23 Project provided counter-narcotics programs routine access to AT&T databases.

---

[2] Plaintiff also quotes extensively from law holding that a statute of limitations can be equitably tolled while a plaintiff attempts to ascertain the identity of a defendant.  Since there is no question that Plaintiff has known all along the identity of the Defendants in this case, the Court is at a loss to ascertain how the law is applicable to this case.

1  (*Id*.)  According to Plaintiff, The Hemisphere Project "block[ed] her access to her
2  phone records which would have assisted her in proving her innocence during against
3  [sic] child abuse charges."  (FAC ¶ 19.)  It is clear the Plaintiff believes The
4  Hemisphere Project somehow accessed and altered her telephone records.  What is
5  less clear is what she is alleging the Defendants' role in this activity was.

6  At various times in the FAC, Plaintiff alleges that CWS: (1) "conspired with
7  AT&T through 'the Hemisphere Project' to [sic] the Plaintiff's phone records"; (2)
8  "tampered" with her phone records; (3) prevented her from accessing her phone
9  records; (4) "participated through the Hemisphere Project in the unlawful
10 wiretapping and eavesdropping of the Plaintiff's telephone as evidenced by a record
11 of separate phantom lines"; and (5) "collaborated with AT&T through the
12 Hemisphere Project in a massive and warrantless surveillance program that illegally
13 tracks domestic and foreign communications of AT&T customers." (FAC ¶¶ 15, 16,
14 22, 23.)

15 Although Defendants argue that these claims are also barred by the statute of
16 limitations, the claims are too amorphous for the Court to ascertain when they
17 accrued.  Therefore, the Court is unable to reach a conclusion on the applicability of
18 the statute of limitations to these claims.  However, as discussed below, they are
19 insufficient to meet the standards of Rule 12(b)(6).

20 **B.  Insufficient Allegations**

21 Defendants also move to dismiss Plaintiff's allegations involving tampering
22 and preventing her from accessing her telephone records, as well as illegally
23 wiretapping and eavesdropping, arguing the claims are insufficient under Federal
24 Rule of Civil Procedure 12(b)(6).  A complaint must plead sufficient factual
25 allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,
26 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when
27 the plaintiff pleads factual content that allows the court to draw the reasonable
28 inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quotation omitted.)

It is unclear from the face of the FAC what Plaintiff is alleging CWS did with respect to her telephone records. Although she devotes multiple paragraphs to describing The Hemisphere Project, a service provided by AT&T that she claims helps narcotics law enforcement access telephone records, she fails to allege how CWS is related to or responsible for The Hemisphere Project. Simply stating that CWS conspired with AT&T in The Hemisphere Project is insufficient. Plaintiff fails to allege how CWS tampered with her telephone records, what she claims was missing from them, how they denied her access to the telephone records, or when or how CWS allegedly wiretapped her phone. Therefore, the Court **GRANTS** the County's Motion to Dismiss these claims. Although the Court has doubts about Plaintiff's ability to sufficiently state a claim for the privacy causes of action, the Court grants Plaintiff leave to amend these causes of action. *See* Fed. R. Civ. P. 15(a) (courts "should freely give leave when justice so requires").

### III. CONCLUSION

The Court **GRANTS** the County's Motion to Dismiss. (ECF No. 28.) Counts One, Two, Three, Six, Seven and Eight, and any allegations regarding false

accusations made by Ms. Lee in a 2014 CWS report, are dismissed with prejudice. Counts Four, Five and Nine and any allegations regarding tampering or hiding telephone records, along with eavesdropping and wiretapping claims, are dismissed without prejudice.  If Plaintiff wishes to file an amended complaint on the allegations pertaining to conspiracy to withhold telephone records and illegal wiretapping only, she may do so <u>on or before June 26, 2020</u>.  If no amended complaint is filed by this date, the Court will close the case.

**IT IS SO ORDERED.**

**DATED: May 28, 2020**

Hon. Cynthia Bashant
United States District Judge